UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Honeywell International Inc.,

    Plaintiff,

v.                                                                           Civil No. 11-569 (JNE/TNL)
                                                                         ORDER

ICM Controls Corp.,

    Defendant.

In its 19-count amended complaint, Honeywell International Inc. asserted claims against ICM Controls Corp. for patent infringement, copyright infringement, violations of the Lanham Act, and violations of the Uniform Deceptive Trade Practices Act. ICM Controls asserted counterclaims for declaratory relief. In June 2014, the Court heard several dispositive motions. In late August, the Court ruled on the motions. The same day, ICM Controls filed a Motion to Dismiss Plaintiff's Copyright Claims and Claim of Infringement of U.S. Patent No. 7,721,972 for Lack of Subject Matter Jurisdiction. For the reasons set forth below, the Court denies ICM Controls' motion.[1]

---

[1] In addition to opposing ICM Controls' motion, Honeywell International moved to strike ICM Controls' motion and supporting memorandum under Rule 12(f) of the Federal Rules of Civil Procedure. According to Honeywell International, ICM Controls' "subject-matter motion must be stricken as filed out of time." ICM Controls' motion and memorandum are not pleadings that are subject to a motion to strike under Rule 12(f). Fed. R. Civ. P. 7(a) (listing permissible pleadings); Fed. R. Civ. P. 12(f) (providing that a court may strike "from a pleading" certain material). Honeywell International's argument that ICM Controls filed the motion "out of time" has no merit. *See, e.g.*, *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004) ("A litigant generally may raise a court's lack of subject-matter jurisdiction at any time in the same civil action, even initially at the highest appellate instance."); *Johnston v. United States*, 85 F.3d 217, 218 n.2 (5th Cir. 1996) ("The Johnstons also argue on appeal that the Government's motion to dismiss for lack of subject matter jurisdiction was untimely under the district court's scheduling

ICM Controls asserted that the Court should dismiss Honeywell International's claims of copyright infringement and infringement of the '972 Patent for lack of subject-matter jurisdiction because the claims are moot.  According to ICM Controls, the claims are moot because Honeywell International "has no basis to request an injunction and no claim for damages."  Honeywell International "has no claim for an injunction," ICM Controls argued, "because the allegedly infringing conduct . . . has ceased" and "there is no reasonable expectation that any alleged infringement will recur."  ICM Controls also maintained that Honeywell International "has no provable copyright damages" and that Honeywell International "has not right to damages associated with its claim for infringement" of the '972 Patent because Honeywell International failed to mark its commercial embodiment at any time before this action's commencement, Honeywell International gave ICM Controls actual notice of the alleged infringement by commencing this action, and "no allegedly infringing sales were made after the filing of the Complaint."  In short, ICM Controls maintained that the claims are moot because the Court cannot grant any effective relief to Honeywell International.

### *Voluntary cessation*

"Mere voluntary cessation of a challenged action does not moot a case.  Rather a case becomes moot 'if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.'" *Strutton v. Meade*, 668 F.3d 549, 556 (8th Cir. 2012) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*

---

order.  This point is meritless.  It is well-settled that subject matter jurisdiction can be raised at any time or even *sua sponte* by the court.").  The Court denies Honeywell International's motion to strike.

*(TOC), Inc.*, 528 U.S. 167, 189 (2000)).  The party asserting mootness bears the heavy burden of demonstrating that the challenged conduct cannot reasonably be expected to recur.  *Ctr. for Special Needs Trust Admin., Inc. v. Olson*, 676 F.3d 688, 697 (8th Cir. 2012); *Strutton*, 668 F.3d at 556.  ICM Controls maintained that it has not distributed or used any of the allegedly infringing labels or manuals since 2011; that it has discontinued or redesigned the allegedly infringing labels, manuals, and products; and that it makes no sense for ICM Controls to revert to the previous products, labels, or manuals.  ICM Controls has not satisfied its heavy burden of demonstrating that the challenged conduct cannot reasonably be expected to recur.  *See, e.g.*, *United States v. W.T. Grant Co.*, 345 U.S. 629, 632-33 (1953); *Olson*, 676 F.3d at 697; *Sheely v. MRI Radiology Network, P.A.*, 505 F.3d 1173, 1184 (11th Cir. 2007).

### *Damages*

Honeywell International's alleged inability to prove its damages does not render its claim for damages moot.  *See Hrivnak v. NCO Portfolio Mgmt., Inc.*, 719 F.3d 564, 568 (6th Cir. 2013) ("As the defendants would have it, claims with little to no chance of success should be dismissed as moot whenever they are mixed in with promising claims that a defendant offers to compensate in full.  That is not how it works.  A bad theory (whether of liability or of damages) does not undermine federal jurisdiction." (internal quotation marks omitted)); *Gates v. Towery*, 430 F.3d 429, 431 (7th Cir. 2005) ("[Defendant] maintains that [Plaintiffs] have not established any compensable loss, but this gets the cart before the horse.  A court may resolve such an issue if and only if there is a live controversy.  A defendant cannot demand and receive an opinion on the merits of

some aspect of plaintiffs' claims, pay off the rest, and then contend the whole suit is moot and must be dismissed, consigning the opinion to advisory status.").

*Conclusion*

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Honeywell International's Motion to Strike Defendant ICM Controls Corp.'s Motion to Dismiss [Docket No. 349] is DENIED.

2. ICM Controls' Motion to Dismiss Plaintiff's Copyright Claims and Claim of Infringement of U.S. Patent No. 7,721,972 for Lack of Subject Matter Jurisdiction [Docket No. 330] is DENIED.

3. The hearing on October 16, 2014, at 2:00 p.m. is CANCELLED.

Dated: October 10, 2014

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge
