UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Honeywell International Inc.,

  Plaintiff,

v.               Civil No. 11-569 (JNE/TNL)
                 ORDER

ICM Controls Corp.,

  Defendant.

In its 19-count amended complaint, Honeywell International Inc. asserted claims against ICM Controls Corp. for patent infringement, copyright infringement, violations of the Lanham Act, and violations of the Uniform Deceptive Trade Practices Act. ICM Controls asserted counterclaims for declaratory relief. In June 2014, the Court heard several dispositive motions. In August, the Court ruled on the motions. In relevant part, the Court granted ICM Controls' motion for summary judgment on Honeywell International's claims of trade dress infringement because Honeywell failed to submit evidence that its claimed trade dress is nonfunctional. Having granted summary judgment to ICM Controls on Honeywell International's claims of trade dress infringement, the Court questioned the viability of Honeywell International's claim of false advertising:

> Counts XIII – XVI of Honeywell's amended complaint assert trade dress infringement under 15 U.S.C. § 1125(a)(1)(A). Count XVII alleges false advertising under subsection (a)(1)(B) of § 1125 based on the same facts and grievance that formed the basis for the trade dress infringement claim. In particular, Honeywell alleges that the "false impression, fostered by ICM, that ICM's products are in fact affiliated with, the same as, sponsored by, manufactured by or condoned by Honeywell is false" and therefore amounts to "false advertising" under subsection (a)(1)(B). The

1

> Court questions the propriety as a legal matter of asserting a claim that is in effect one for trade dress infringement under subsection (a)(1)(B) and of construing a product's appearance as a "statement of fact" that can form the basis for a claim under subsection (a)(1)(B).  If Honeywell intends to pursue Count XVII further, it must submit a brief with legal authority for its position that Count XVII states a claim on which relief can be granted, within three weeks of the date of this order.  ICM may make its own submission on the subject within two weeks from any such filing by Honeywell.

The parties timely submitted memoranda, as well as supporting declarations.

Honeywell International responded that "Count XVII challenges a broader range of ICM's conduct than the specific allegations of trade dress.  In particular, in addition to the allegations directed toward confusion over affiliation/sponsorship, Honeywell specifically alleges that ICM advertises and promotes its products to be 'the same as' products manufactured by Honeywell."  Honeywell International maintained that "ICM makes its products look the same as Honeywell's because that appearance gives contractors the impression that ICM's products are 'highly interchangeable' with the range of Honeywell products they are intended to replace."  Honeywell International asserted that "ICM's advertising buttresses this impression by promoting its products as direct replacements for Honeywell's products.  In fact, ICM's products are not the same as Honeywell's and are not always highly interchangeable with the Honeywell product line, rendering ICM's marketing approach false or misleading."

ICM Controls contended that "[t]he only wrong alleged in Count XVII is the alleged 'false impression' of some connection between Honeywell and ICM Controls because the parties' products have a similar appearance" and that the count "does not allege a single false commercial statement of fact and therefore fails to state a claim for

2

relief." According to ICM Controls, Honeywell International attempted to expand the

scope of Count XVII beyond what Honeywell International pleaded in the amended

complaint.

In Count XVII of the amended complaint, Honeywell International alleged that

"ICM deliberately markets, promotes, and advertises products that are outwardly

extremely similar to the look, feel, appearance, design and configuration of

Honeywell's"; that "[t]he marketing and advertising of a product substantially similar in

appearance to Honeywell's is a 'word, term, name, symbol, or device, or any

combination thereof' used in connection with ICM's products within the meaning of 15

U.S.C. § 1125 (a)(1)"; that "Honeywell has a known history of manufacturing these very

oil primary products as private label products for third-party competitors in the

marketplace"; that "[b]y nationally producing and distributing marketing materials,

advertisements, or promotions that reflect products that are apparently and outwardly

extremely similar to Honeywell's, ICM creates a false impression in a substantial number

of consumers' minds that its products are in fact affiliated with, the same as, sponsored

by, manufactured by or condoned by Honeywell, or that Honeywell is creating private

label products for ICM and thereby enhancing the image of ICM products through this

false association"; that "[t]he false impression, fostered by ICM, that ICM's products are

in fact affiliated with, the same as, sponsored by, manufactured by or condoned by

Honeywell is false"; that "[t]his constitutes a false advertising or promotion under 15

U.S.C. § 1125 (a)(1)(B)"; that "[c]onsumers' false impression that ICM's products are

affiliated with, the same as, sponsored by, manufactured by or condoned by Honeywell,

but are less expensive, is a fact likely to influence their purchasing decision"; and that

"Honeywell has sustained damages . . . and will continue to sustain damages" as a result

of "the infringing acts herein described."  As noted in the August 2014 Order, Count

XVII alleges false advertising under § 1125(a)(1)(B) based on the same facts and

grievance that formed the basis of the trade dress infringement claims.

"Protecting a functional package as a trademark . . . impedes competition by

preventing the public from copying a useful article that it has the right to copy.  'Our

society is better served if functional containers (as well as product designs and highly

descriptive or generic terms) remain available for use among competitors.  To the extent

this causes a modicum of confusion of the public, it will be tolerated.'"  *Aromatique, Inc.*

*v. Gold Seal, Inc.*, 28 F.3d 863, 873 (8th Cir. 1994) (citation omitted) (quoting *In re*

*Water Gremlin Co.*, 635 F.2d 841, 844 (C.C.P.A. 1980)).  "Trade dress protection must

subsist with the recognition that in many instances there is no prohibition against copying

goods and products.  In general, unless an intellectual property right such as a patent or

copyright protects an item, it will be subject to copying."  *TrafFix Devices, Inc. v. Mktg.*

*Displays, Inc.*, 532 U.S. 23, 29 (2001).

Honeywell International has not alleged that ICM Controls made any false

statement in a commercial advertisement about ICM Controls' own or another's product.

*See Buetow v. A.L.S. Enters., Inc.*, 650 F.3d 1178, 1182 (8th Cir. 2011).  Instead,

Honeywell International alleged that ICM Controls marketed products that appear similar

to those of Honeywell International and that the marketing of similar products created a

false impression that ICM Controls' products are affiliated with, the same as, sponsored

4

5

by, manufactured by, or condoned by Honeywell.  But Honeywell International has no

protectable interest in its claimed trade dress.  Trade dress infringement does not arise out

of ICM Controls' products; the marketing of those same products does not constitute

false advertising.  The Court dismisses Count XVII.

IT IS SO ORDERED.

Dated: October 24, 2014

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge