UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Honeywell International Inc.,

    Plaintiff,

v.                                                                                         Civil No. 11-569 (JNE/TNL)
                                                                                      ORDER

ICM Controls Corp.,

    Defendant.

Five years ago, Honeywell International Inc. brought this action against ICM Controls Corp. The Eighth Amended Pretrial Scheduling Order set August 1, 2014, as the trial-ready date. In August 2014, the Court decided several dispositive motions and requested further briefing with respect to one of the nineteen counts in Honeywell International's amended complaint. In October 2014, the Court dismissed the count on which it had requested further briefing, denied a motion to dismiss for lack of subject-matter jurisdiction that ICM Controls had filed in August 2014, and contacted the parties to schedule the trial.

The next month, the parties jointly submitted a status report regarding the trial date and the substitution of an expert witness for one of Honeywell International's expert witnesses who had died. Additional letters were submitted in December 2014 and January 2015. In late January, the magistrate judge held a status conference. In March 2015, Honeywell International moved for an order permitting disclosure of confidential information to its proposed replacement expert. Five months later, the magistrate judge granted the motion.

In October 2015, Honeywell International moved for leave to substitute the opinions of its proposed replacement expert for those of the expert witness who had died. According to the magistrate judge, ICM Controls conceded that there was good cause for the substitution.  The magistrate judge rejected ICM Controls' objections to certain paragraphs of the proposed replacement expert's report.  Specifically, the magistrate judge rejected ICM Controls' assertions that the proposed replacement expert introduced new subject matter and that the proposed replacement expert relied on documents that were not relied on by the original expert.  Insofar as ICM Controls asserted that certain paragraphs of the proposed replacement expert's report are irrelevant to the remaining issues in the case, the magistrate judge "defer[red] to the district court judge to decide to what extent Honeywell [International] will be permitted to use [the proposed replacement expert] as an expert."  The magistrate judge also declined to comment on whether Count XIX, Honeywell International's claim under the Minnesota Deceptive Trade Practices Act, "remains alive," noting ICM Controls acknowledged its motion for summary judgment on the trade dress counts did not mention the claim.  The magistrate judge declined ICM Controls' request for an award of costs and expenses associated with responding to the proposed replacement expert.  Finally, the magistrate judge ordered the parties to file, jointly if possible, a proposed schedule regarding remaining discovery with respect to the proposed replacement expert, motion practice, and trial.

ICM Controls objected, asserting that the magistrate judge permitted the proposed replacement expert "to provide testimony on irrelevant matters directed to claims that have been dismissed."  Honeywell International responded, noting that ICM Controls

3

"never made any dispositive motion on" Count XIX and that the opinions at issue are relevant to issues other than trade dress.  The Court affirms the magistrate judge's order because it is neither clearly erroneous nor contrary to law.  *See* D. Minn. LR 72.2(a).

    IT IS SO ORDERED.

Dated: March 10, 2016

                                                              s/Joan N. Ericksen
                                                               JOAN N. ERICKSEN
                                                               United States District Judge