# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

HONEYWELL INTERNATIONAL
INC.,

      Plaintiff,

                            Case No. 11cv569 (JNE/TNL)

v.                              ORDER

ICM CONTROLS CORP.,

      Defendant.

This matter is before the Court on Defendant ICM Controls Corp.'s ("ICM") Motion for Express Dismissal of Count XIX ("Motion") [Dkt. No. 454].  In ruling on the parties' cross-*Daubert* motions in January 2017, the Court noted a dispute running in the background and invited the parties to bring it to the forefront:

> The magistrate judge declined to rule on ICM's argument that some of [an expert witness's] proposed testimony was irrelevant given what ICM contended was the scope of the remaining claims.  The magistrate judge explicitly chose not to comment on whether Honeywell's claim under the Minnesota Deceptive Trade Practices Act (Count XIX) remains alive . . . .  The Court granted summary judgment against Honeywell on its Lanham Act trade dress infringement, false advertising, and false designation of origin claims (Counts XIII through XVIII).  Whether Count XIX, which relies on the same factual allegations as those claims by incorporating them by reference, remains viable is a question that has not been reached . . . .  ICM may file a motion [] addressing this question . . . .

Order, Dkt. No. 447, at 2 n.1 (citations omitted).  ICM took up the invitation and filed the Motion, which Plaintiff Honeywell International Inc. ("Honeywell") opposes.  Resolving this question now will assist the parties' preparation for trial.

Although the parties are necessarily familiar with the history of this case, the Court recounts it briefly for context.  Honeywell filed its original complaint in 2011 and an amended complaint ("Amended Complaint") in 2012, which ICM answered.  Following active discovery efforts, Honeywell moved in 2013 to amend its complaint again, proposing alterations related

solely to its patent claims; that motion was denied.  *See* Dkt. Nos. 161, 164-1, 202, 208.  In 2014, the parties litigated *Daubert* and other dispositive motions.  The Court granted ICM's motions for summary judgment on Honeywell's Lanham Act trade dress claims under 15 U.S.C. § 1125(a)(1)(A) (Counts XIII – XVI) and Lanham Act false designation of origin claim (Count XVIII).  Dkt. No. 338, at 26, 42.  The Court then, after further briefing, dismissed Honeywell's Lanham Act 15 U.S.C. § 1125(a)(1)(B) false advertising claim (Count XVII).  Dkt. No. 359.  Progress toward trial was then interrupted by the death of one of Honeywell's expert witnesses.  The Court allowed Honeywell to substitute an expert witness and the parties to submit related reports, and heard and decided related *Daubert* motions.  *See* Dkt. No. 447.

The claim now under consideration is Count XIX of the Amended Complaint, naming a cause of action under the Minnesota Deceptive Trade Practices Act ("MDTPA"), Minn. Stat. § 325D.44.  This is the entire count:

> 199.   Honeywell hereby restates and re-alleges the allegations set forth in preceding paragraphs and incorporates them by reference.
>
> 200.   The acts herein described also constitute violation of Minn. Stat. § 325D.44.
>
> 201.   As a result of the infringing acts herein described, Honeywell has sustained damages in an amount in excess of $75,000 to be determined at trial, and will continue to sustain damages in the future, including irreparable harm.

ICM asserts three grounds for dismissal of Count XIX.  *See* ICM Br. 1-3, Dkt. No. 452.  First, to the extent Honeywell's MDTPA claim is based on the same underlying conduct as its Lanham Act counts, it cannot survive their demise at summary judgment.  Second, to the extent Honeywell argues that the scope of its MDTPA claim is broader than the Lanham Act claims and includes allegations of confusion relating to copying the labels and manuals of Honeywell's

products, those allegations were not pleaded in the Amended Complaint.  Third, even if such conduct had been pleaded, it would be preempted by the Copyright Act.

Honeywell concedes that its MDTPA claim fails with its Lanham Act claims "to the extent they both rely on the same factual allegations."  Honeywell Opp. 5, Dkt. No. 457.  It does not argue that its allegations about product configuration copying, which formed the basis of its now-defunct Lanham Act claims, can still form the basis of a viable MDTPA claim.  Honeywell instead asserts that it has alleged other facts in the Amended Complaint that independently support Count XIX and keep it alive: "Honeywell clearly alleges that ICM's use of Honeywell's copyrighted materials and misrepresentations regarding patented features—in addition to product shape—have allowed ICM to unfairly trade off of Honeywell's goodwill by knocking off several Honeywell product lines."  *Id.* at 1.  Honeywell also points to authorities for its argument that a claim for "passing off" under a state law like MDTPA, even if based on alleged copying of a work, is not preempted by the Copyright Act because it has an extra, qualitatively different element.  *Id.* at 15-17; *see also* 1-1 Melville B. Nimmer and David Nimmer, *Nimmer on Copyright* § 1.01[B][1][e] (2016) (with regard to preemption, noting that "concrete cases can pose difficult issues whether the alleged violation of the [] Uniform Deceptive Trade Practices Act arises out of confusion or from copying").

The Court does not reach the preemption question because it concludes that Honeywell did not plead its newly asserted theory in the Amended Complaint.  As Honeywell has previously acknowledged, *see* Dkt. No. 339, at 7, the Court has the power to *sua sponte* dismiss a complaint or cause of action for failure to state a claim.  *Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir. 1991); *cf. N. States Power Co. v. Fed. Transit Admin.*, 358 F.3d 1050, 1056-57 (8th Cir.

2004) (affirming district court's refusal at the summary judgment stage to recognize a claim that the plaintiff had failed to adequately plead in its complaint).

In deciding whether to dismiss for failure to state a claim, a court accepts the facts alleged in the complaint as true and grants all reasonable inferences in favor of the plaintiff. *Varga v. U.S. Bank Nat'l Ass'n*, 764 F.3d 833, 838 (8th Cir. 2014).  Although a complaint need not contain detailed factual allegations, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  The court may consider exhibits attached to a complaint as well as the pleading itself.  *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir.2010).

The Court begins its analysis by considering the pleadings specific to Count XIX, quoted above.  These bare-bones recitations or "naked assertion[s]" do not suffice.  *Iqbal*, 556 U.S. at 678.  Indeed, they do not even provide a "formulaic recitation" of the specific elements of MDTPA that Honeywell asserts ICM has violated.  *Id.*  MDTPA has no fewer than 13 different subsections, including some that mirror Lanham Act elements.  *E.g.*, *Phoenix Entm't Partners, LLC v. Lapadat*, 123 F. Supp. 3d 1114, 1122-23 (D. Minn. 2015).  But Honeywell did not articulate in its Amended Complaint any particular theories for how ICM violated MDTPA, or identify any particular facts that supported any theory.  Instead, it cited the whole statutory provision and incorporated 198 previous paragraphs of allegations with no further explanation.[1]

---

[1] Honeywell now suggests that it pleaded violations of the MDTPA's first and thirteenth subsections for passing off goods or services and "engag[ing] in any other conduct which

A reasonable reading of those 198 paragraphs gives the overwhelming impression that Honeywell alleges that ICM's copying of Honeywell's *product configurations*, and its marketing depictions of those *similar-looking products*, causes confusion in the marketplace.  Those factual allegations formed the basis of the Lanham Act claims that did not survive summary judgment. Honeywell now argues that it also incorporated by reference its allegations that ICM "knocked off" the products' technical manuals and labels, and that this copying also was deceptive and likely to cause confusion.  This new assertion is an after-the-fact attempt to remedy the harm caused by the dismissal of its trade dress and false advertising allegations.  Although Honeywell filed its Amended Complaint in 2012, it appears that the first time Honeywell ever articulated this theory was years later during the briefing about Honeywell's substitute expert witness—after summary judgment and dismissal of Count XVII.  A party may not "manufacture claims, which were not pled, late into the litigation for the purpose of avoiding summary judgment," *N. States*, 358 F.3d at 1057, and the same prohibition applies with even more force where a party asserts new claims to make up for defeats it suffered at summary judgment.

Recognizing MDTPA's focus on deception and the likelihood of causing confusion in the marketplace, Honeywell attempts to counter the natural reading of the Amended Complaint, which is that the only ICM actions alleged to cause confusion or deception relate to product configuration.  Honeywell draws the Court's attention to a very few dispersed statements among the 198 paragraphs: an allegation that "ICM is hijacking Honeywell's substantial and long-term investment in the goodwill associated with its product and specific intellectual property associated with that product," Am. Compl. ¶ 64, the use of the phrase "knockoff [] product manual," *id.* ¶¶ 73, 88, and referring to the "knockoff" *products* in alleging that ICM copied the

---

similarly creates a likelihood of confusion or of misunderstanding."  Minn. Stat. § 325D.44, subd. 1(1), 1(13).  *See* Honeywell Opp. 4.

labels and manuals, *id.* ¶¶ 45, 47, 60, 75, 90.  Honeywell Opp. 9.  But these sparse phrases, when

taken in context, do not support a reasonable inference that Honeywell was alleging an MDTPA

violation based on—as it now claims—ICM's *confusing* use of similar technical labels and

product manuals.  The references to knockoff product manuals are nestled among allegations

clearly geared toward supporting Honeywell's copyright claims, such as the copyright

registration numbers of the manual and labels.  Similarly, alleging that ICM "hijacked" rather

than simply "infringed" Honeywell's intellectual property uses strong language but is not

sufficient to state a claim for violation of MDTPA.[2]  The allegations about copied manuals and

labels say nothing about causing confusion or passing off ICM's products as Honeywell's.

Pleadings about confusion are found instead with the trade dress infringement claims and false

advertising claim.  *E.g.*, Am. Compl. ¶ 188 (alleging that by distributing advertisements "that

reflect products that are apparently and outwardly extremely similar to Honeywell's, ICM

creates a false impression in a substantial number of consumers' minds that its products are in

fact affiliated with . . . [or] manufactured by . . . Honeywell").[3]

The inescapable conclusion from reading the nearly 200 paragraphs incorporated by

reference into Honeywell's conclusory Count XIX is that this count rests on the same allegedly

---

[2] Honeywell also urges the Court to draw an inference based on the phrase "patented cad cell status" that is buried in a longer highlighted passage in two ICM manuals attached as exhibits to the Amended Complaint.  Honeywell Opp. 10-11.  Honeywell conveniently calls out this phrase in its recent briefing, but it did not do so in its pleadings, which instead use the exhibits to conduct a copyright infringement analysis, highlighting phrases in ICM's manuals that Honeywell contends are similar to phrases in its manuals.  *See* Am. Compl. ¶¶ 44-45.  Taking context into account, it would be unreasonable to draw Honeywell's desired inference that this highlighting alleged an MDTPA violation.

[3] Indeed, had Honeywell pleaded that ICM was passing off its products as Honeywell's or falsely representing their interchangeability by copying labels and product manuals, one would have expected Honeywell to raise that theory in connection with its Lanham Act § 1125(a)(1)(B) claim.  It did not.  *See* Dkt. No. 339.

confusing and deceptive conduct that formed the basis of the Lanham Act claims, which focused

on product configuration.  It too must therefore be dismissed.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT

IS ORDERED THAT:

1.  ICM Controls Corp.'s Motion of Express Dismissal of Count XIX [Dkt. No. 454] is GRANTED.

Dated: March 14, 2017                                   s/ Joan N. Ericksen

                                                        JOAN N. ERICKSEN
                                                        United States District Judge